(121 App. Div. 573.)
### RANDAZZO v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   October 18, 1907.)

1. CARRIERS—INJURIES TO PASSENGERS—PROXIMATE CAUSE—EVIDENCE.

    A finding that the starting of a car while a passenger was alighting therefrom was the proximate cause of an injury to him *held* warranted under the evidence.

2. APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

    Where, in an action against a street railway company for injuries to a passenger, there was no evidence that the company required reports of accidents, or that it was customary for employés to make reports, and the company proved that there was no paper connected with the accident on file, except a synopsis of the complaint made after service, the exclusion of evidence that no report of the accident was on the files of the company was not prejudicial.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4194–4199.]

Appeal from Kings County Court.

Action by Rossario Randazzo against the Brooklyn Heights Railroad Company.   From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.
Donald F. Ayres, for respondent.

RICH, J.   This action is brought to recover damages for a personal injury.   The complaint alleges that the plaintiff was a passenger on one of defendant's cars, and that upon attempting to alight therefrom at a station, upon the platform of which there was a slippery substance, he stepped thereon, and before he had fully alighted the car started suddenly, throwing him down and causing the injury complained of. The trial court charged the jury that, if they found that the slippery substance upon the platform was the sole producing cause of the injury, the plaintiff could not recover; but if they found that the car started before the plaintiff could get his feet off the platform of the car, and he was thereby thrown down and injured, they might find a verdict for the plaintiff, if they also found that he was free from contributory negligence.

The appellant contends that there was no evidence in the case warranting the submission of this question to the jury, or from which they could find that the starting of the car while plaintiff was alighting therefrom caused the accident, and that the trial court erred in not granting its motion to dismiss the complaint.   This contention is upon the assumption that the plaintiff's evidence as to how the accident occurred admits of no other conclusion than that his fall was caused solely by the slippery substance upon the platform.   I do not so read it.   The plaintiff speaks the English language imperfectly.   While it is true that his narration of what occurred at the time he fell is not as clear as to the producing cause of his fall as one more conversant with our language would have made it, I think it was sufficient to justify

the court in denying the motion made for a nonsuit, when the plaintiff rested his case. He says:

"When the train got down to Ninth street, the conductor hollers 'Ninth street!' and I was sitting down. * * * As soon as the train stopped he [the conductor] opened the gates, and when I was stepping down he said 'Step lively!' and when I got down, and I had my one foot on the station and one on the car, the conductor closed the gate, or whatever you call it, and pushed me, and the train was going, and I make me a slip, and I fall down, and my foot got down between the station and the car."

On cross-examination he said:

"I was getting off this car, and it was standing still. While getting off the car, the conductor closed the gate. * * * He pushed me, and I fell down."

While plaintiff testified that he would not have fallen if the slippery substance had not been on the platform, this evidence did not preclude the jury from finding that the starting of the car was the proximate cause of the accident, and I think their verdict is sufficiently sustained by the evidence.

The appellant urges that the trial court erred in excluding evidence that there was no report of this accident on the files of the company. There is no evidence in the case that the defendant required, or that it was customary for, reports of accidents to be made by its employés, in the absence of which the evidence offered could have no weight. In addition to this the defendant proved by its witness Bradley, who was a clerk in its claim department, that there was no paper connected with the accident on file except a synopsis of the complaint, which he made after its service.

The defendant was not prejudiced by the ruling complained of, and the judgment and order of the County Court of Kings county must be affirmed, with costs. All concur.